UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 24-cr-03-SM |
| ) | |
| ) | |
| SERENE HULL ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM AND
REPLY TO DEFENDANT'S SENTENCING MEMORANDUM**

The defendant worked with her co-conspirators and distributed large quantities of fentanyl and methamphetamine. The defendant did so while using her autobody shop as a supply hub, where her customers could meet with her or a co-conspirator to purchase drugs. She maintained her drug supply at the autobody shop, along with her gun. The defendant's dangerous drug trafficking behavior warrants a sentence of 57 months' imprisonment and three years of supervised release.

**I.    Facts.**

In the fall of 2022, law enforcement began investigating Thomas Conway and his co-conspirators for conspiracy to distribute methamphetamine and fentanyl. Presentence Report ("PSR") ¶ 9. The investigation included the interception of Conway's wire and electronic communications. PSR ¶ 11. The communications revealed that the defendant distributed fentanyl to Conway from her autobody shop on multiple occasions. PSR ¶¶ 23-25. Also during the investigation, the defendant personally sold fentanyl to a confidential source from her autobody shop, and sold methamphetamine to the confidential source through her co-conspirator, Anthony Conley. PSR ¶¶ 22, 26-27.

The investigation into the defendant culminated with a search of her autobody shop, resulting in the seizure of fentanyl, cocaine, and methamphetamine as well as a Berretta pistol with ammunition. PSR ¶ 28. The defendant admitted to investigators that she owned the autobody shop and that she distributed fentanyl. *Id.*

II.     **The Guideline Calculation and the Defendant's Motion for a Departure and Variance.**

Probation determined that the applicable guideline sentencing range is 121-151 months' imprisonment. PSR ¶ 85. Probation calculated this range after properly applying the enhancements for maintaining a residence used for drug distribution (the "stash house" enhancement) and possessing a dangerous weapon in connection with drug trafficking. PSR ¶¶ 35-36. The government agrees with Probation's calculation. However, the government recognizes this Court's categorical disagreement with respect to the ICE/actual methamphetamine drug weight guidelines. PSR ¶ 103. Using methamphetamine mixture, the applicable offense level is 28. After applying the enhancements, the offense level is 32. After the adjustment for the defendant's acceptance of responsibility, the total offense level is 29, with a guideline sentencing range of 97-121 months' imprisonment.

While the defendant does not object to the dangerous weapon enhancement, the defendant disagrees with the total drug weight attributed to her and the application of the stash house enhancement. Def.'s Sent. Memo., ECF No. 279, pgs. 3-4. First, the drug weight is properly calculated. The defendant did not object to the underlying facts in the presentence report. The facts properly support Probation's drug weight calculation.

Second, Probation properly applied the stash house enhancement. The defendant admitted in her sentencing memorandum that she sold methamphetamine and fentanyl from her autobody shop. *Id.* pg. 2. The defendant cites *United States v. Melendez-Rosado*, 57 F.4th 32 (1st Cir.

2023) to support her argument that the stash house enhancement is only applicable where the premises is primarily used to facilitate drug distribution. That support is misplaced. In *Melendez-Rosado*, the Court declined to find clear error in the district court's application of the stash house enhancement when one of the principal uses of an apartment was drug distribution. 57 F.4th at 39, 40. In upholding the district court's finding, the First Circuit recognized that the totality of the circumstances supported the enhancement's application, which included the variety and quantity of drugs seized from the apartment, presence of drug paraphernalia, cash, a gun (a tool of the trade), the defendant's admissions to distributing drugs from the apartment, and law enforcement's observations of drug sales from the apartment. *Id.*

Similarly here, the facts support the stash house enhancement. Between February 9 and April 11, 2023, the defendant sold fentanyl and methamphetamine from the autobody shop on at least five occasions. PSR ¶¶ 22-27. The confidential source reported that when inside the autobody shop on April 11, 2023, the source observed at least 30 sticks[1] of fentanyl inside. PSR ¶ 27. The defendant not only sold drugs herself from the autobody shop, but she had her co-conspirator Conley sell for her from the shop, PSR ¶ 22, and knew that her co-conspirator Ryan stored a large quantity of methamphetamine there. PSR ¶ 28. A search of the autobody shop yielded fentanyl, cocaine, and methamphetamine, as well as a pistol (a tool of the trade), and ammunition. *Id.* These facts support that at least one of the defendant's primary purposes for the autobody shop was to use it as a stash house. The defendant sold drugs from the shop, stored drugs at the shop, had others sell drugs on her behalf from the shop, maintained a drug supply at the shop, and protected her supply with a firearm and ammunition, a recognized tool of the drug trade. *See Melendez-Rosado*, 57 F.4th at 39. The stash house enhancement applies.

---

[1] A "stick" is a ten-gram quantity of fentanyl.

### III. The §3553(a) Factors Support the Government's Requested Sentence.

The government's requested sentence of 57 months' imprisonment is sufficient but not greater than necessary to achieve the goals of sentencing. First, the nature and circumstances of the offense warrant the requested sentence. The defendant distributed methamphetamine and fentanyl for further distribution and with frequency that demonstrated the large scope of her operation. The defendant's criminal behavior escalated when she paired her drug trafficking with the possession of a gun and ammunition. While trafficking dangerous drugs is serious, adding a gun to the equation escalates the criminal behavior, creating potentially lethal consequences. *See United States v. Castillo*, 979 F.2d 8, 10 (1st Cir. 1992) (quoting the comments for U.S.S.G. § 2D1.1(b)(1), noting that the enhancement "reflects the increased danger of violence when drug traffickers possess weapons."). The nature and circumstances of the offense warrant a significant sentence.

Moreover, the government's requested sentence is appropriate because it contemplates punishment, deterrence, and promotes respect for the law. The defendant must be punished for her conduct and deterred from engaging in this behavior in the future. *See* 18 U.S.C. § 3553(a)(2)(A), (B).

The government does not dispute that the defendant suffers from a substance abuse disorder. The defendant completed substance abuse treatment while on bail for the instant offense. However, in the two months leading up to her sentencing for her federal drug trafficking offense, the defendant tested positive for fentanyl on more than one occasion. PSR ¶71A. Despite these positive drug tests, the defendant is denying use. The defendant's behavior and her failure to recognize the seriousness of her actions while on bail for a federal drug felony are extremely concerning. Her actions demonstrate that she still poses a risk to the public, and a

significant sentence is necessary to protect society from future crimes of the defendant. *See* 18 U.S.C. 3553(a)(2)(C).

      Therefore, based on all of the facts and circumstances, the government requests that this Court sentence the defendant to 57 months' imprisonment and three years of supervised release.

                                             Respectfully submitted,

                                             ERIN CREEGAN
                                             United States Attorney

Dated: January 2, 2026                     /s/ Heather A. Cherniske
                                             Heather A. Cherniske
                                             Assistant United States Attorney
                                             NH Bar #19837
                                             53 Pleasant Street, 4th Floor
                                             Concord, NH 03301
                                             Heather.cherniske@usdoj.gov